IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY TABB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-052 |
| | ) | |
| ANDREW MCFARLANE; ARLENE HUNT; | ) | |
| TONJA KEITH; and MS. HILL, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

**I.      BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F. 3d at 721-27.

To that end, the "Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983" requires that prisoner plaintiffs disclose: (1) whether they ever filed a lawsuit dealing with the same or similar facts involved in the present lawsuit, (2) whether, while incarcerated or detained, they ever filed a lawsuit dealing with facts other than those involved in the present lawsuit, and other than an appeal or request for collateral relief related to their underlying conviction, and (3) whether any such suit filed IFP in federal court

2


was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 2-3.) If there is more than one such lawsuit, the additional lawsuits must be described on a separate piece of paper. (Id.) The prisoner plaintiff is warned that failure to disclose all prior civil cases may result in dismissal of the current case. (Id. at 2.)

II.     DISCUSSION

Here, Plaintiff stated he filed one prior case involving the same or similar facts, Tabb v. Bryson, CV 515-058 (S.D. Ga. Aug. 5, 2015). However, the Court is aware of another federal case which Plaintiff filed after the disclosed case, which Plaintiff litigated all the way to summary judgment, Tabb v. Toby, CV 517-451 (M.D. Ga. Mar. 25, 2019), and that case also involved similar facts to the current case. In the undisclosed Middle District case and this case, Plaintiff contests his "Tier" segregation housing assignment, albeit at different prisons.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to

accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017

4

(S.D. Ga. May 16, 2011), *adopted by* 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  Plaintiff's failure to disclose his prior Middle District case discussed above, after receiving an express warning that failure to disclose prior cases could result in dismissal, was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[1]

### III.   CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 13th day of August, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff's claim concerns his housing assignment at TSP upon his transfer from Macon State Prison on February 15, 2024.  (Doc. no. 1, p. 10.)  Thus, Plaintiff may still timely re-file his § 1983 claim, should he choose to do so.  See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).